UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| DANIEL WILLIAM TEAL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 16-393-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| OFFICER THOMPSON, et al. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Inmate Daniel Teal has filed a pro se Complaint asserting claims against federal officials pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [Record No. 1] Teal alleges that he was exiting from a prison transport van at the Federal Medical Center in Lexington, Kentucky in October 2013 when his shackles became entangled with a metal plate, causing him to fall to the ground. He contends that Officer Thompson was standing nearby but failed to place himself in a position to prevent him from falling. [*Id.*]

Teal indicates that he was then examined by medical staff who ordered that an x-ray to check for injuries. Teal was returned to the segregation unit where he had been housed, but the x-ray was not performed as directed. Teal was released from segregation 21 days later. He contends that, by the time of release from segregation, he could no longer turn his head as a result of injuries to his head and neck. Thereafter, Teal received physical therapy for 3-4 months. He alleges that he now suffers from "bulging discs" as a result of this injury. *Id.*

Teal contends that the failure to provide medical attention for 15 days while he was in segregation violated the Eighth Amendment's prohibition against cruel and unusual punishment, as well as his right to equal protection under the law guaranteed by the Fourteenth Amendment. Teal seeks compensatory damages in an unspecified amount against "the facility and officers." [Record No. 1 at 4-5]

The Court conducts a preliminary review of Teal's Complaint because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. When testing the sufficiency of the claims outlined in the plaintiff's Complaint, the Court affords a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing the legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012). A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

Teal has named two defendants: Officer Thompson and "Mr. Mullins." [Record No. 1 at 1-2] However, any claim against "Mr. Mullins" must be dismissed because Teal makes no allegations against him. To recover against a given defendant in a *Bivens* action, a plaintiff "must allege that the defendant [was] personally involved in the alleged deprivation of federal rights." *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (citing *Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976)). Here, Mullins is only identified as a defendant; Teal does not refer to him in the body of the Complaint, and he makes no allegations against him. [Record No. 1 at 1, 4-5]

Additionally, the claims against both defendants must be dismissed because Teal has sued them only in their official capacity. After identifying the defendants, Teal checked a box indicating that he was suing the defendants in their "official capacity only." The form expressly offered Teal the alternative to sue the defendants either in their "personal capacity only" or in "both official and personal capacity," but he chose neither. [Record No. 1 at 2] A suit against a government employee in his "official capacity" is not, as one might suppose, a suit against the employee arising out of his conduct while performing job duties for the government. It is, in fact, a suit against the government agency that employs the individual. Thus, an official capacity suit against a BOP employee is a suit against the BOP, which is a federal agency. While *Bivens* authorizes suits against federal employees for violations of civil rights, it does not waive the sovereign immunity enjoyed by the United States and its agencies against constitutional tort claims. *Ctr. for Bio–Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 370 (6th Cir. 2011) (*Bivens* claims may be asserted against federal officials only in their individual capacities); *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003).

But even if Teal had sued the named employees in their individual capacities, his claims would be barred by the statute of limitations. Teal's claims accrued by late October 2013 when he failed to receive the prescribed medical treatment while he remained in segregation and promptly began to experience symptoms as a result. *Estate of Abdullah ex rel. Carswell v. Arena*, 601 F. App'x 389, 393-94 (6th Cir. 2015) ("Once the plaintiff knows he has been hurt and who has inflicted the injury, the claim accrues.") (internal quotation marks omitted) (citing *United States v. Kubrick*, 444 U.S. 111, 122 (1979)). Because the remedy afforded in a *Bivens* action is entirely judge-made, there is no statutory limitations period. Instead, federal courts

apply the most analogous statute of limitations from the state where the events occurred. *Wilson v. Garcia*, 471 U.S. 261, 268-71 (1985). The events about which Teal now complains occurred in Kentucky; therefore, Kentucky's one-year statute of limitations for asserting personal injuries applies. Ky. Rev. Stat. § 413.140(1)(a); *Hornback v. Lexington-Fayette Urban Co. Gov't.*, 543 F. App'x 499, 501 (6th Cir. 2013); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003). Teal alleges that he suffered his injuries in October 2013, but he did not file suit until three years later in October 2016. His claims are therefore time-barred, and must be dismissed. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). The Court may dismiss a claim plainly barred by the applicable limitations period upon initial screening. *Cf. Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."); *Baker v. Mukaskey*, 287 F. App'x 422, 424-25 (6th Cir. 2008); *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002). Accordingly, it is hereby

**ORDERED** as follows:

1. Teal's Complaint [Record No. 1] is **DISMISSED**, with prejudice.

2. This matter is **DISMISSED** and **STRICKEN** from the docket.

This 3rd day of July, 2017.



Signed By:
*Danny C. Reeves* DCR
United States District Judge